IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 95-0207-WS |
| | ) |
| TANYA CRAWFORD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant Tanya Crawford's *pro se* request for expungement of her 1995 felony conviction in this District Court. (Doc. 333.)

Court records reflect that Crawford pleaded guilty to one count of interstate transportation in aid of racketeering on December 13, 1995, after which she was sentenced to a term of imprisonment of 25 months, with a three-year term of supervised release.

In a one-page letter, Crawford now requests that her record be cleared (*i.e.*, that the conviction be expunged) based on her post-conviction rehabilitation. She states that she has moved to California and focused her life on raising her children and working in elder care, with no further criminal activity. While Crawford is to be congratulated for these positive changes in her life, the Court is not empowered to grant her request. The law is clear that federal district courts lack jurisdiction to expunge criminal records for purely equitable reasons such as those articulated here.[1] For that reason, Crawford's request for expungement of her 1995 conviction in this District Court must be, and is, **denied**.

DONE and ORDERED this 14th day of June, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017) (district court cannot assert jurisdiction "over a petition to expunge the judicial record in a criminal case on purely equitable grounds"); *United States v. Dunegan*, 251 F.3d 477, 480 (3rd Cir. 2001) ("in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record"); *United States v. Tyler*, 670 F. Supp.2d 1346, 1349 (M.D. Fla. 2009) ("This Court concludes that it is without authority to expunge Tyler's arrest records based solely on equitable considerations.").